UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM GREEN, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>CREDIT CONTROL, LLC, and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff, WILLIAM GREEN, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant, CREDIT CONTROL, LLC, ("CREDIT") and JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure

- 1 -

that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

3. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be Judged from the standpoint of the "least sophisticated consumer" Clomon v. Jackson, 988 F.2d 1314 (2d Ctr. 1993).

4. To prohibit deceptive practices, the FDCPA, at 15 U S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. §§ I692e(1)-(16) Among these per se violations prohibited by that section are: false representations concerning the character, amount, or legal status of any debt, 15 U.S C. § 1692e(2)(A); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § l692e(l 0).

5. The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, actual damages, punitive damages, injunctive relief, declaratory relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, and all other applicable common law or statutory regimes

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

7. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and one of the Plaintiffs resides in this jurisdiction.

## DEFINITIONS

8. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

9. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

10. Plaintiff is a natural person and a resident of the County of Queens, State of New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

11. CREDIT is a foreign limited liability company with its principal place of business at 5757 Phantom Drive, Suite 330, Hazelwood, MO 63042.

12. Upon information and belief, CREDIT is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

13. CREDIT is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

14. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New York consumers and their successors in interest (the "Class"), who have received debt collection

letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

16. This Action is properly maintained as a class action. The Class consists of all New York City consumers who were sent letters and/or notices from CREDIT CONTROL, LLC, concerning a debt owed to LVNV FUNDING, LLC, which stated:

> Because of interest, late charges and other charges that may be assessed by your creditor that vary from day to day, the amount due on the day you pay, may be greater. Thus, if you pay the total amount due shown above, an adjustment maybe necessary after we receive your check, in which event we will inform you.

17. The class definition may be subsequently modified or refined.

18. The Class period begins one year to the filing of this Action.

19. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- ➢ Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- ➢ There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendants violated various provisions of the FDCPA including but not limited to:   15 U.S.C. §1692e(2)(A) and 15 U.S.C. §1692e(10)

    b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory

> protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

➢ Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

20. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

21. On or before May 29, 2014, Plaintiff allegedly incurred a financial obligation to HSBC Bank Nevada, N.A. ("HSBC").

22. The HSBC obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

23. The HSBC obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. HSBC is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

25. Plaintiff's last payment on the HSBC obligation was May 29, 2014.

26. The Delinquency Date of the HSBC obligation is August 3, 2014.

27. The HSBC obligation was charged off by HSBC on November 7, 2014.

28. At some time prior to February 3, 2017, the HSBC obligation was purchased by LVNV Funding, LLC ("LVNV").

29. LVNV paid less than $470.73 for the HSBC obligation.

30. At the time the HSBC obligation was purchased by LVNV, the obligation was past due.

31. At the time the HSBC obligation was purchased by LVNV, the obligation was in default.

32. At some time prior to February 3, 2017 LVNV placed the HSCB obligation with CREDIT for the purpose on collection.

33. At the time the HSBC obligation was place with CREDIT, the obligation was past due.

34. At the time the HSBC obligation was place with CREDIT, the obligation was in default.

35. On or about February 3, 2017, CREDIT caused to be delivered to Plaintiff a letter addressed to Plaintiff.  A copy of said letter is annexed hereto as **Exhibit A.**

36. The February 3, 2017 letter was sent to Plaintiff in connection with the collection of the HSBC obligation.

37. The February 3, 2017 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

38. Upon receipt, Plaintiff read the February 3, 2017 letter.

39. The February 3, 2017 letter stated at the top:

| | |
|---|---|
| Current Creditor:  LVNV Funding, LLC<br>Original Creditor:  HSBC Bank Nevada, N.A.<br>Our Account # *********<br>Original Acct: ************<br><br>**Balance Due: $470.73**<br>Charge-off Date:  11/07/2014 | Last Date of Payment:  05/29/2014<br>Delinquency Date:       08/03/2014<br>The total amount of the debt due as of charge -off: $470.73<br>The total amount of interest accrued since charge-off: $0.00<br>The total amount of non-interest charges or fess accrued since charge off: $0.00<br>The total amount of payments made on the debt since charge-off: $0.00 |

40. The February 3, 2017 letter stated in part: "This letter is to notify you that the above account has been purchased by LVNV Funding, LLC and assigned to this office for collection."

41. The February 3, 2017 letter further stated in part:

> Because of interest, late charges and other charges that may be
> assessed by your creditor that vary from day to day, the amount
> due on the day you pay, may be greater.  Thus, if you pay the
> total amount due shown above, an adjustment maybe necessary

    after we receive your check, in which event we will inform you.

42. No interest has accrued since on the HSCB obligation since the charge-off date.

43. No non-interest has accrued since on the HSCB obligation since the charge-off date.

44. LVNV has not accrued interest on the HSCB obligation since the charge-off date.

45. LVNV has not accrued non-interest charges or fees on the HSCB obligation since the charge-off date.

46. LVNV has never increased the amount of the HSBC obligation due to accrued interest.

47. LVNV has never increased the amount of the HSBC obligation due to non-interest charges.

48. LVNV has never increased the amount of the HSBC obligation due to fees.

49. LVNV has never increased the amount of the HSBC obligation.

50. The balance due at the time LVNV purchased the HSBC obligation was $470.73.

51. The balance due on the HSBC obligation as of February 3, 2017 was $470.73.

52. The amount due on the HSBC obligation was not subject to an increase due to accrued interest.

53. The amount due on the HSBC obligation was not subject to an increase due to accrued non-interest charges or fees.

## POLICIES AND PRACTICES COMPLAINED OF

54. It is CREDIT's policy and practice to send initial written collection communications, in the forms annexed hereto as **Exhibit A** which violate the FDCPA, by *inter alia*:

    (a) Using false representations regarding the amount of any debt;

(b) Using false representations or deceptive means to collect or attempt to collect any debt;

(c) threatening to take action that it did not intend on taking;

(d) failing to accurately state the balance of the debt;

(e) Depriving consumers of their right to receive the necessary and accurate information as to the true character, amount, and legal status of the alleged debt; and

(f) Causing consumers to suffer a risk of economic injury.

55. On information and belief, CREDIT sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the City of New York.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692

## VIOLATIONS OF 15 U.S.C. §1692

56. Plaintiff repeats the allegations contained in paragraphs 1 through 55 as if the same were set forth at length.

57. Collection letters and/or notices such as those sent by CREDIT, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

58. Section 1692e(2)(A) of the FDCPA states in relevant part that it is a violation of the FDCPA to falsely represent the amount, character, or legal status of any debt.

59. CREDIT's February 3, 2017 letter violated Section 1692e(2)(A) by falsely representing the character of the HSCB obligation.

60. The least sophisticated consumer upon reading the February 3, 2017 from CREDIT, would be falsely lead to believe that the character HSBC obligation was such that the debt was still subject to interest being accrued, when in fact it was not.

61. CREDIT's February 3, 2017 letter violated Section 1692e(2)(A) by falsely representing the legal status of the HSCB obligation.

62. The least sophisticated consumer upon reading the February 3, 2017 letter from CREDIT, would be falsely lead to believe that the legal status HSBC obligation was such that the debt was still legally subject to interest being accrued, when in fact it was not.

63. Section 1692e(5) states in relevant part that it is a violation of the FDCPA for a debt collector to threaten to take action that it does not intend on taking.

64. The February 3, 2017 letter violated Section 1692e(5) by threatening to increase the HSBC obligation by adding accrued interest, when in fact no interest was ever going to be added.

65. The February 3, 2017 letter violated Section 1692e(5) by threatening to increase the HSBC obligation by adding accrued late charges, when in fact no late charges was ever going to be added.

66. Section 1692g(a)(1) of the FDCPA requires that a debt collector provide with in five day of its initial communication with a consumer, a written containing: The amount of the debt.

67. The February 3, 2017 letter violated Section 1692g(a)(1) as it fails to accurately state the balance of the debt.

68. The February 3, 2017 letter further violated Section 1692g(a)(1) because the letter provides that the outstanding balance may increase, the least sophisticated consumer may

reasonably conclude that he must pay the balance stated in the letter immediately or possibly owe a larger amount.

69. The least sophisticated consumer upon reading the February 3, 2017 letter would be uncertain as to his rights and confused about the total amount he owes.

70. Section 1692e(10) of the FDCPA states in relevant part that it is a violation of the FDCPA to "...use any false representation or deceptive means to collect or attempt to collect any debt..."

71. The February 3, 2017 letter violated Section 1692e(10) by using false and misleading representations as to the HSCB obligation accruing of interest.

72. The February 3, 2017 letter violated Section 1692e(10) by using false and misleading representations as to the HSCB obligation accruing of late charges.

73. The February 3, 2017 letter violated Section 1692e(10) by making false and misleading representations as the amount of the debt.

74. The least sophisticated consumer upon reading the February 3, 2017 letter from CREDIT would be unsure as to whether the HSBC obligation was: (1) still accruing interest; or (2) no longer accruing interest.

75. The least sophisticated consumer upon reading the February 3, 2017 letter from CREDIT would be unsure as to whether the HSBC obligation was: (1) still accruing late charges; or (2) no longer accruing late charges.

76. The February 3, 2017 letter can be read two or more different meanings, one of which is inaccurate.

77. Plaintiff has an interest in receiving true, correct and accurate information regarding the alleged debt and the consequences from CREDIT for non-payment.

78. Plaintiff has an interest in avoiding the risk of economic injury due to CREDIT obtaining a money judgment against him.

79. Plaintiff suffered an informational injury due to CREDIT's violation of Section 1692e(2)(A) of the FDCPA in connection with its communication of February 3, 2017 to Plaintiff.

80. Plaintiff suffered a risk of economic injury due to CREDIT's violation of Section 1692e(2)(A) of the FDCPA in connection with its communications to Plaintiff.

81. Plaintiff suffered an informational injury due to CREDIT's violation of Section 1692e(5) of the FDCPA in connection with its communication of February 3, 2017 to Plaintiff.

82. Plaintiff suffered a risk of economic injury due to CREDIT's violation of Section 1692e(5) of the FDCPA in connection with its communication of February 3, 2017 to Plaintiff.

83. Plaintiff suffered an informational injury due to CREDIT's violation of Section 1692g(a)(1) of the FDCPA in connection with its communication of February 3, 2017 to Plaintiff.

84. Plaintiff suffered a risk of economic injury due to CREDIT's violation of Section 1692g(a)(1) of the FDCPA in connection with its communication of February 3, 2017 to Plaintiff.

85. Plaintiff suffered an informational injury due to CREDIT's violation of Section 1692e(10) of the FDCPA in connection with its communication of February 3, 2017 to Plaintiff.

86. Plaintiff suffered a risk of economic injury due to CREDIT's violation of Section 1692e(10) of the FDCPA in connection with its communications of February 3, 2017 to Plaintiff.

87. Plaintiff and the class members have a concrete interest in receiving certain information pursuant to the FDCPA

88. Plaintiff and the class members have been accorded a procedural right to protect their concrete interest in receiving certain information pursuant to the FDCPA

89. The deprivation of certain information relating to the FDCPA constitutes a sufficiently distinct injury to Plaintiff and the class.

90. The deprivation of certain information relating to the FDCPA creates a cognizable injury-in-fact to Plaintiff and the class members.

91. By reason thereof, CREDIT is liable to Plaintiff for a declaratory judgment that CREDIT's conduct violated Sections 1692e(2)(A); 1692e(5) and 1692e(10) of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., and Benjamin J. Wolf, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: New York, NY
March 23, 2017

      *s/ Joseph K. Jones*
      Joseph K. Jones, Esq.
      Jones, Wolf & Kapasi, LLC
      555 Fifth Avenue, Suite 1700
      New York, New York 10017
      (646) 459 7971 telephone
      (646) 459 7973 facsimile
      jkj@legaljones.com

      *s/ Benjamin J. Wolf*
      Benjamin J. Wolf, Esq.
      Jones, Wolf & Kapasi, LLC
      555 Fifth Avenue, Suite 1700
      New York, New York 10017
      (646) 459 7971 telephone
      (646) 459 7973 facsimile
      bwolf@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

      *s/ Joseph K. Jones*
      Joseph K. Jones, Esq.

# Exhibit A

February 3, 2017

# Credit Control, LLC

5757 Phantom Dr Ste 330  Hazelwood, MO 63042   877-431-7784   Hours of Operations: Mon-Thurs 9am-6pm, Fri 8am-5pm EST

Current Creditor: LVNV Funding LLC  
Original Creditor: HSBC Bank Nevada N.A.  
Our Account #:  
Original Acct:   ****-****-****-0350

Last Date of Payment: 05/29/2014  
Delinquency Date:    08/03/2014  
The total amount of the debt due as of charge-off: $470.73  
The total amount of interest accrued since charge-off: $0.00  
The total amount of non-interest charges or fees accrued since charge-off: $0.00  
The total amount of payments made on the debt since charge-off: $0.00

**Balance Due:**   $470.73  
Charge-off Date:   11/07/2014

This letter is to notify you that the above account has been purchased by LVNV Funding LLC and assigned to this office for collection. We realize this amount due could be an oversight. If you would like to resolve this account for significantly less than the balance or to discuss other options, you can:
- Call us at 877-431-7784      ○ Go to our website at www.credit-control.com
- Complete and return the coupon on the enclosed offer in the pre-postage paid envelope provided

Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have.

Because of interest, late charges and other charges that may be assessed by your creditor that vary from day to day, the amount due on the day you pay, may be greater. Thus, if you pay the total amount due shown above, an adjustment may be necessary after we receive your check, in which event we will inform you.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. Should you contact us in writing for verification of this debt, we will cease further collection activity until we provide you with the verification.

This communication from a debt collector is an attempt to collect a debt. Any information obtained will be used for that purpose.

Credit Control, LLC is licensed by the city of New York, Department of Consumer Affairs for, 5757 Phantom Dr Ste 330 Hazelwood, MO # 1233281, 4902 Eisenhower Blvd Ste 155 Tampa, FL  #1472700, 4710 Eisenhower Blvd Sute A-2 Tampa, FL #1470332, 5555 Redwood Dr. Ste 120 Las Vegas, NV #2023195  
You may also contact Amanda Gazos at 877-395-3541 to discuss this matter further.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

P.O. Box 1945  
Southgate, MI 48195-0945

William Green

  To make a payment online, please visit our website at www.credit-control.com

RSFGSPLL